## Holman *against* Fesler.

In an appeal from the judgment of a justice of the peace, the liability for costs is determined by the verdict, without regard to what was the judgment of the justice.

In an action to recover the price of work and labour done, in the absence of proof of a specific contract between the parties as to price, it is competent for the defendant to prove what others received for the same kind of service.

ERROR to the Common Pleas of *Dauphin* county.

Samuel Holman and Isaac Updegrove against John Fesler. This suit originated before a justice of the peace, who gave a judgment in favour of the defendant for $10.77; the defendant appealed. Upon the trial in court, there was a verdict for the defendant, and certificate that there was due to him $10.77. The facts which gave rise to the questions of law are sufficiently stated by his honour who delivered the opinion of the court. There was a writ of error by each party.

*Rawn*, for Fesler.
*M'Cormick*, for Holman.

The opinion of the Court was delivered by

KENNEDY, J.—The action was brought originally by Samuel Holman, Isaac Updegrove & Co., against John Fesler, before a

[Holman v. Fesler.]

justice of the peace, who, after hearing the parties and their evidence, rendered a judgment in favour of the defendant for $10.77½, which sum the plaintiffs paid to the justice, with the costs which had accrued.   The defendant, however, dissatisfied with the decision of the justice, appealed to the Court of Common Pleas, where the case was tried again, and a verdict given by the jury in favour of the defendant, together with a certificate of $10.70 being due to him from the plaintiffs; whereupon the plaintiffs prayed the court to give a judgment without costs.   The court, however, refused to do this, and instead thereof entered a judgment upon the verdict with costs.   The plaintiffs below, in their writ of error, complain that the court erred in not rendering a judgment on the verdict without costs.   The Act of the 9th of April 1833, (*Pamph. Laws, p.* 480), directs that costs on appeals thereafter entered from judgments of justices of the peace and aldermen, shall abide the event of the suit, and be paid by the unsuccessful party, as in other cases.   The event of the suit in this case was clearly in favour of the defendant below, and such as would have entitled him to recover costs, and bound the plaintiffs as the unsuccessful party to pay them, as in other cases.   Vide *M'Dowell* v. *Glass*, (4 *Watts* 889).   We therefore think the court were right in rendering a judgment in favour of the defendant below for costs, as well as for the amount of the verdict.

In the writ of error taken by the defendant below, he has assigned several matters for error.   First, That the court erred in permitting the plaintiffs on the trial of the cause to give evidence to show the price *per* day which they paid other persons who laboured for them with the defendant below.   The defendant below had a claim against the plaintiffs for work and labour which he had performed at their request, for which he claimed to have $1.50 per day; but the plaintiffs were only willing to allow him at the rate of $1 per day, alleging that this was as much as they agreed to give, and at all events that it was as much as he reasonably deserved to have for the same.   In the absence of all testimony showing that the parties had made an agreement whereby the defendant was to have a specific sum per day for his labour from the plaintiffs, it is impossible to entertain a doubt as to the admissibility of the evidence; for if the defendant was unable to show by evidence that he was to have any fixed sum of money per day for his work, he had no right to claim or to recover more than it was reasonably worth; and the evidence offered by the plaintiffs and received by the court, if believed, was well calculated to show what the plaintiff's labour was worth.

Second, That the court erred in permitting the plaintiffs below to give evidence of the terms of the contract which they had made with the Commonwealth for repairing the aqueduct over the Juniata river in the Pennsylvania Canal, and to show that thereby they were to have from the Commonwealth $1.50 per day for each

[Holman v. Fesler.]

man employed by them for the purpose of doing the work; and as a compensation for the exercise of their skill in superintending and having the work done, as also employing and furnishing the requisite number of hands and tools for the accomplishment of the work within a limited time, they were to have the difference for their own use between what they were to receive from the Commonwealth for the labour of each hand employed by them, and what they should employ or engage each hand to work for *per* the day. The admission of this evidence was objected to, because, as it was said, the agent of the Commonwealth was not authorized to make such a contract; that it was therefore fraudulent and void.

Suppose the contract offered to be proved were fraudulent and void, as is alleged, for want of authority in the agent of the State to make it—but upon and against whom, it may be asked, could it be considered as fraudulent, and therefore void? Certainly not as against the defendant, so as either to take away any right which he has acquired against the plaintiffs, or to give him any new or additional right which otherwise he would not be entitled to claim. If the rights or interests of any one be or can be affected by such contract, it is those of the Commonwealth. She may have paid moneys on account of it which she ought not to have paid; but it is perfectly clear, whether fraudulent and void or not, that the defendant cannot entitle himself on that ground to receive from the plaintiffs the difference *per* day received by them for his labour, and what they agreed to pay him, or what it may have been reasonably worth, if no specific sum was agreed on between them. If it be, as has been contended by the counsel for the defendant, that the plaintiffs had no right to receive more from the Commonwealth, on account of the defendant's labour, than what they agreed to pay him for it, and it be that they have received more, it cannot be claimed by him, for his right cannot be better than theirs. Indeed, it is plain, if it were unjustly received by the plaintiffs, it ought to be repaid to the Commonwealth, and not paid over to the defendant. The jury no doubt allowed him a dollar a-day, believing from the evidence that he agreed to work at that rate; and I must confess that the evidence given was powerful, if not conclusive, to show that such was the understanding and agreement which existed between him and the plaintiffs, while he worked for them. Complete justice would therefore seem to be done to him. And I must say, also, that there appears to be nothing unreasonable in the contract which the agent of the State made with the plaintiffs for repairing the aqueduct. It could not be expected that they would attend to it without receiving a compensation for it; and the principle of the compensation to be allowed them by the terms of the contract proposed to be proved is such as is practised on every day, and has never been considered of itself unfair, or in the slightest degree exceptionable.

And because it was fair and unexceptionable may be the reason why the evidence was objected to, as otherwise the jury might have been got to believe that the whole of the money received by the plaintiffs on account of the labour performed by the defendant, ought to be paid by the plaintiffs to him.

Third, That the court erred in permitting the plaintiffs to prove, when they undertook to repair the aqueduct and did so, that the State treasury being without funds, they agreed to employ hands on their own responsibility, and to pay them out of their own funds such prices for their labour as they might be able to agree with them for, in consideration of their receiving from the State, when in funds, $1.50 for the labour of each hand so employed per day. This evidence was objected to because it was said to be irrelevant. It was clearly not irrelevant, because it tended strongly to prove that the money received by the plaintiffs from the State on account of the defendant's labour was not received for his use, which was, in effect, what he alleged and contended for. It was also objected to because it contradicted the check-rolls produced in evidence. The check-rolls only showed the form in which the accounts were kept and settled by the plaintiffs at the proper office of the State, without any reference whatever to the contract under which the work was done between the plaintiffs and State. The check-rolls ought not, therefore, to be considered as concluding a matter to which they had no reference, and which was not intended to be affected by them.

Fourth, That the court erred in their answers to the three points submitted by the counsel for the defendant below. These points related to the same principles upon which the counsel of the defendant below founded their objections to the admission of the evidence which they excepted to, and amounted to a request made of the court to charge the jury, that notwithstanding the evidence objected to by them and admitted by the court established everything for which it was offered, yet the defendant was entitled to recover from the plaintiffs at the rate of $1.50 per day, that being the rate at which the plaintiffs were paid by the State for the work done by him. In short, that the defendant was entitled to recover from the plaintiffs whatever sum of money they received from the State on account of his labour, notwithstanding he had agreed with them to work for less. If the plaintiffs had agreed with him to pay him whatever money they should receive from the State on account of his labour, then he would have had a clear right to claim it; or in case of no such agreement having been made, if he had proved on the trial that his labour was reasonably worth $1.50 per day, or all that the plaintiffs received from the State on account of it, then he would have been justly entitled to it, but not otherwise; or if he had shown on the trial that the money received by the plaintiffs from the State on account of his labour was received by them for his use, and for the

[Holman v. Fesler.]

purpose of being paid over to him, he would have been fairly entitled to it.    But in no other case than one or other of the three here stated could he pretend a claim to it.    The facts, in our opinion, were all answered as favourably for the defendant as he had any right to claim.

Judgment affirmed.